## STATE v. URIAH HOOPER RANDALL.[1]

March 19, 1926.

No. 25,058.

**Examination of male applicant for marriage license as to age and residence of the woman.**

1. The clerk of the district court is required by G. S. 1923, § 8569, to examine a male applicant for a marriage license under oath as to the age and residence of the woman he intends to marry.

**Perjury committed when knowingly false answer given as to her age or residence.**

2. Age and residence in such case are material, and a knowingly false answer in such examination as to either may be made the basis for a criminal prosecution for perjury.

Perjury, 30 Cyc. p. 1407 n. 66.

Upon information of the county attorney defendant was accused of the crime of perjury in the district court for Kanabec county before Stolberg, J., who overruled his demurrer to the information and certified the question. Affirmed.

*Mead & Bryngelson,* for appellant.

*Clifford L. Hilton,* Attorney General, and *P. S. Olsen,* County Attorney, for respondent.

WILSON, C. J.

Defendant was accused by an information filed by the county attorney of the crime of perjury. He demurred thereto on the ground that the facts stated did not constitute a public offense. The trial court overruled the demurrer, but at the request of defendant, the state consenting, certified the question to this court.

The accusation is that defendant in an application for a marriage license knowingly and falsely stated under oath that the girl he proposed to marry was over 18 years of age and that she resided

[1]Reported in 208 N. W. 14.

in Kanabec county when she was under the age of 18 and a resident of Marshall county.

G. S. 1923, § 8569, says in part:

"The clerk shall examine upon oath the party applying for a license, relative to the legality of such contemplated marriage, and, if satisfied that there is no legal impediment thereto, he shall issue such license * * *. If any person intending to marry shall be under age * * * such license shall not be issued unless consent of the parents or guardians shall be personally given before the clerk (or properly certified) * * *. Any clerk who shall knowingly issue or sign a marriage license in any other manner than in this section provided shall forfeit and pay for the use of the parties aggrieved not to exceed one thousand dollars."

G. S. 1923, § 8563, says that every male person 18 years old and every female person 15 years old are capable in law of contracting marriage, if otherwise competent. G. S. 1923, § 8568, requires the license to be obtained from the clerk of the district court of the county in which the woman resides. The claim of accused is that there cannot be any "legal impediment" except those cases enumerated in § 8564 of the statute which specifies marriages that are prohibited. It is urged that the clerk is not required to examine the applicant under oath as to anything except to learn if the parties, or either, are within the prohibited classes. He says: First that the clerk is not authorized to examine the applicant upon oath concerning the age and residence of the other interested party; and second that age and residence are not material. The conclusion would follow that the alleged statements though false would not be perjury.

Age and residence are on a par with the prohibited marriages. The age may prohibit the mariage. It may merely require the formal consent of others. If so, it is material for the truth to be known in reference thereto and that a record thereof be made. Anything is material when its presence or absence determines whether the

clerk is subjected to a penalty. There are obvious and valid reasons why the legislature should require the license to be procured in the required county rather than in some remote and unknown county. It may be noted that not all of the impediments mentioned in G. S. 1923, § 8564, are of the same class. Some of them at least are relative impediments which are of the character here involved. It follows that there was no reason for the legislature to require an examination under oath as to the impediments under G. S. 1923, § 8563, and not as to age and residence which are impediments under sections 8563 and 8568. The natural and unconstrained construction of the statute leads to the conclusion that the legislature intended that under age and lack of residence in the county are included in the phrase "legal impediment." A knowingly false statement under oath in the course of such examination as to age or residence may be made the basis for a criminal prosecution for perjury.

Affirmed.